IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HAMILTON, | No. 2:13-CV-1143-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| MULE CREEK STATE PRISON, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

        Plaintiff names the following as defendants: Mule Creek State Prison; Knipp, the prison warden; Sutterfield, the associate warden; Wilcox; Pickering; Young; Carillo; Buckard; and Heintschel.  According to plaintiff, he informed defendant Carillo that he was being threatened by another inmate.  Plaintiff claims that nothing was done.  Plaintiff states that he was later involved in an in-cell altercation with inmate Strong.  After the in-cell altercation, plaintiff was placed in administrative segregation on November 21, 2012.  According to plaintiff, the investigative employee assigned to his case – defendant Buckard – lied to him by telling plaintiff that he could not call witnesses to his disciplinary hearing.  Plaintiff further claims that, at the hearing, hearing officer defendant Heintschel denied him the opportunity to call witnesses and present evidence.

        Plaintiff also alleges that he sent defendants Knipp and Sutterfield evidence of his claim of misconduct by defendant Carillo, but that his grievance was mishandled.

        Finally, plaintiff appears to claim that, while in administrative segregation, staff improperly confiscated his legal materials causing him to miss deadlines in pending cases.

/ / /

/ / /

/ / /

For legal theories, plaintiff states:

> Hamilton contends his Due Process was violated at the hearing with Lieutenant Heintschel, and that the pending cases he was working on were prejudiced and that even though he gave the staff and administration fair notice they turned a blind eye even after he proved he had cases pending when 2 court call conferences were set by the court they denied Hamilton access to court until the injuries had already occurred.[1]

## II.  DISCUSSION

Plaintiff's complaint appears to state cognizable due process claims against defendants Buckard and Heintschel arising from plaintiff's allegations related to his disciplinary hearing, specifically that he was not permitted to call witnesses or provide evidence.  Defects identified in the complaint are outlines below.

### A. **Immune Defendant**

Plaintiff names Mule Creek State Prison as a defendant.  The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states.  See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  This prohibition extends to suits against states themselves, and to suits against state agencies.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment.  See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th cir. 1993) (en banc).  Because it is immune, Mule Creek State Prison is not a proper defendant and should be dismissed.

/ / /

/ / /

---

[1] Plaintiff does not advance any legal theories related to his allegation that defendant Carillo ignored plaintiff's safety concerns.

### B. Grievance Process

Plaintiff alleges that his inmate grievances were mishandled by defendants Knipp and Sutterfield. Prisoners have no stand-alone due process rights related to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process grievances. Numerous district courts in this circuit have reached the same conclusion. See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999) (finding that failure to properly process grievances did not violate any constitutional right); Cage v. Cambra, 1996 WL 506863 (N.D. Cal. 1996) (concluding that prison officials' failure to properly process and address grievances does not support constitutional claim); James v. U.S. Marshal's Service, 1995 WL 29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure to process a grievance did not implicate a protected liberty interest); Murray v. Marshall, 1994 WL 245967 (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to function properly failed to state a claim under § 1983).

### C. Access to the Courts

In additional to his due process claim related to his disciplinary hearing, it appears that the gravamen of plaintiff's complaint is that he was denied access to the courts when his legal materials were confiscated upon entering administrative segregation. Prisoners have a First Amendment right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) (discussing the right in the context of prison grievance procedures). This right includes petitioning the government through the prison grievance process. See id. Prison officials are required to "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."

1   Bounds, 430 U.S. at 828.  The right of access to the courts, however, only requires that prisoners
2   have the capability of bringing challenges to sentences or conditions of confinement.  See Lewis,
3   518 U.S. at 356-57.  Moreover, the right is limited to non-frivolous criminal appeals, habeas
4   corpus actions, and § 1983 suits.  See id. at 353 n.3 & 354-55.  Therefore, the right of access to
5   the courts is only a right to present these kinds of claims to the court, and not a right to discover
6   claims or to litigate them effectively once filed.  See id. at 354-55.

7         In this case, plaintiff has not linked the conduct of any specific named defendant
8   to the alleged denial of access to the courts.  Moreover, plaintiff has not identified the types of
9   cases in which he suffered prejudice or the nature of such alleged prejudice.  Because it is
10  possible that these defects can be cured, plaintiff will be provided leave to amend.

### III.  CONCLUSION

13        Because it is possible that the deficiencies identified in this order – except naming
14  Mule Creek State Prison, which is immune from suit – may be cured by amending the complaint,
15  plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir.
16  2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes
17  the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore,
18  if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make
19  plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be
20  complete in itself without reference to any prior pleading.  See id.

21        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
22  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
23  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how
24  each named defendant is involved, and must set forth some affirmative link or connection
25  between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d
26  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

1  Because the complaint appears to otherwise state cognizable claims, if no
2  amended complaint is filed within the time allowed therefor, the court will issue findings and
3  recommendations that the claims identified herein as defective be dismissed, as well as such
4  further orders as are necessary for service of process as to the cognizable claims.
5  Accordingly, IT IS HEREBY ORDERED that plaintiff may file a first amended
6  complaint within 30 days of the date of service of this order.

DATED: October 30, 2014

                                                    **CRAIG M. KELLISON**
                                                    UNITED STATES MAGISTRATE JUDGE