# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID HAMILTON,                              No. 2:13-CV-1143-MCE-CMK-P

        Plaintiff,

    vs.                                              ORDER

K. SUTTERFIELD, et al.,

        Defendants.

_____/

      Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are: (1) plaintiff's motions for the appointment of counsel (Docs. 44 and 50); and (2) plaintiff's "Request for Reconsideration" (Doc. 47).

      Plaintiff seeks the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal

1

1 issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be

2 viewed together before reaching a decision.  See id.

3     In the present case, the court does not at this time find the required exceptional

4 circumstances.  Plaintiff argues that appointment of counsel is warranted because: (1) he lacks

5 legal training and education; (2) he is indigent; and (3) he has a likelihood of success on the

6 merits of his claims.  Plaintiff's lack of funds and legal training are not exceptional

7 circumstances but are common among plaintiffs in § 1983 prisoner civil rights cases.  Moreover,

8 plaintiff has demonstrated an ability throughout this litigation to articulate his claims on his own.

9 Finally, while some of plaintiff's claims have survived a motion to dismiss, the court cannot say

10 at this stage of the proceedings whether plaintiff has any particular likelihood of success on the

11 merits of those claims.

12     In his "Request for Reconsideration," plaintiff seeks review by a District Judge of

13 what plaintiff identifies as a ruling "made. . .on 9-31-17."  A review of the docket reflects no

14 orders issued on September 31, 2017.  To the extent plaintiff is referencing the court's September

15 29, 2017, order, plaintiff's motion will be denied because that order was issued by the District

16 Judge following de novo review of the court's September 8, 2017, findings and

17 recommendations and objections thereto filed by plaintiff on September 25, 2017.

18     Accordingly, IT IS HEREBY ORDERED that:

19     1.  Plaintiff's motions for the appointment of counsel (Docs. 44 and 50) are

20 denied; and

21     2.  Plaintiff's "Request for Reconsideration" (Doc. 47) is denied.

22

23  DATED:  November 21, 2017

24                _____
               **CRAIG M. KELLISON**

25                UNITED STATES MAGISTRATE JUDGE

26